Filed 5/20/21  P. v. Cougill CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SEAN PATRICK COUGILL,<br><br>    Defendant and Appellant. | C092198<br><br>(Super. Ct. Nos. 19CF03800, 19CF08367) |

Appointed counsel for defendant Sean Patrick Cougill filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

In Butte County case No. 19CF03800, defendant consented to a search of his person during a traffic stop and a piece of plastic containing .9 grams of heroin was found

1

on his person. A handgun was found under the driver's seat. Defendant was charged with possession of a firearm by a felon with priors (Pen. Code, § 29800, subd. (a)(1), count 1);[1] possession of ammunition (§ 30305, subd. (a)(1), count 2); possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a), count 3); and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a), count 4). The complaint also alleged, as to counts 1 through 3, two prior prison terms (§ 667.5, subd. (b)). Pursuant to a plea agreement, defendant pleaded no contest to count 3, possession of a controlled substance while in possession of a firearm. The remaining charges and enhancements were dismissed. The trial court set the matter for sentencing, referred the matter to probation, and released defendant on bail. Defendant failed to report to probation, and failed to appear for a sentencing hearing, after which the court issued a warrant for his arrest. He was subsequently re-arrested.

In Butte County case No. 19CF08367, while defendant was released pending sentencing in case No. 19CF03800, defendant was found driving a stolen car. Defendant was charged with driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a), count 1) and receiving a stolen vehicle (§ 496d, subd. (a), count 2). As to both counts, it was alleged that defendant was out on bail or his own recognizance during the commission of the offense (§ 12022.1). Defendant pleaded no contest to count 1, taking and driving a vehicle without permission and admitted to committing the felony while out on bail. Defendant stipulated to the upper term.

Defendant filed a motion to withdraw his plea in case No. 19CF08367 on the basis that he was undergoing drug withdrawal symptoms which compromised his judgment and did not know the full extent of the time to which he pled. The district attorney opposed the motion, citing the full advisements defendant received on the plea form and

---

[1] Undesignated statutory references are to the Penal Code.

in open court. After hearing argument from each party, the court denied the motion, finding that defendant had entered a "knowing, intelligent, and voluntary plea."

The trial court sentenced defendant to an aggregate prison term of six years eight months, as follows: the upper term of four years for the possession of a controlled substance while in possession of a firearm in case No. 19CF03800; a consecutive eight months, one-third the midterm, for the taking and driving of the vehicle without consent in case No. 19CF08367; and two years for the out-on-bail enhancement in case No. 19CF08367. The court awarded custody credits in the total amount of 257 days (129 actual and 128 conduct). The court ordered defendant to pay a conviction assessment of $30 per count (Gov. Code, § 70373), a court operations assessment of $40 per count (§ 1465.8), a medical air transport fee of $4 (Gov. Code, § 76000.10), and, in each case, a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 parole revocation fine, which was stayed pending successful completion of parole (§ 1202.45).

Defendant filed a timely notice of appeal and obtained a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

3

                                    /s/
                          RAYE, P. J.


We concur:


          /s/
MAURO, J.


          /s/
MURRAY, J.